UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   For Online Publication Only
DARRYL MITCHELL, and
DENISE MITCHELL,

                            Plaintiff,

                    -against-

SUFFOLK COUNTY, et al

                           Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-4636 (JMA) (ARL)

FILED
CLERK
11:22 am, Feb 28, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pro se plaintiffs Darryl and Denise Mitchell bring this suit alleging civil rights violations arising out of, among other things, Darryl Mitchell's detention at Nassau County Correctional Center ("NCCC"). Before the Court is defendant Nassau County's motion to dismiss the amended complaint under Federal Rules of Civil Procedure 4(m), 8(a), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). For the reasons that follow, the Court grants defendant's motion to dismiss and dismisses all claims as to Nassau County.

## I. BACKGROUND

This case involves two lawsuits—one arising out of Darryl Mitchell's arrest in Suffolk County in 2011, the other arising out of his arrest and subsequent detention by Nassau County in 2013.

### A. The Initial Suit Against the Suffolk County Defendants ("Mitchell I")

On February 10, 2011, Darryl Mitchell, through his attorney, John Nonnenmacher, filed a civil complaint in federal district court against Suffolk County, the Suffolk County Police Department, Richard Dormer, Aristides Mojica, Diane Peress, Andrew Kenneally, Tracey Anne

1

Barry, Alberto Acevedo, Michael Conklin, Nancy Quattrociocchi,[1] Jeffrey Simon, and several John Does (together, the "Suffolk County defendants"). (Compl., Mitchell v. Suffolk Cty. ("Mitchell I"), No. 11-CV-658, ECF No. 1.) This complaint alleged civil rights violations stemming from Darryl Mitchell's arrest in Suffolk County on July 2, 2010. (Id.) Because Darryl Mitchell was a minor, the lawsuit was brought on his behalf by his mother, Denise Mitchell. (Id. ¶ 24).[2] On March 16, 2012, once Darryl Mitchell reached the age of majority, the Mitchells filed an amended complaint, removing Denise Mitchell as a party from the lawsuit. (Mitchell I Am. Compl. ¶ 2, ECF No. 17.)

While Mitchell I was pending, the Suffolk County defendants made Darryl Mitchell a Rule 68 offer of judgment for $ 501, which he rejected. (Am. Compl. ¶¶ 56, 133–34, Mitchell v. Suffolk Cty. ("Mitchell II"), No. 13-CV-4636, ECF No. 10.) The Suffolk County defendants then increased their settlement offer to $ 2,000, which Darryl Mitchell also rejected. (Id. ¶¶ 133–34.) In November 2013, the Court granted plaintiff's counsel's request to withdraw and permitted Darryl Mitchell to proceed pro se. (Mitchell I, ECF No. 31.)

Before resolving his lawsuit, Darryl Mitchell was arrested again in Suffolk County and detained in a Suffolk County facility. (Mitchell I, ECF Nos. 32 & 33.) On January 17, 2014, Judge Leonard D. Wexler administratively closed Mitchell I during the pendency of Darryl Mitchell's criminal proceedings. (Mitchell I, ECF No. 33.) In an Order dated January 17, 2014, Judge Wexler directed Darryl Mitchell to submit a status report within six months or risk having his case dismissed with prejudice. Darryl Mitchell never submitted a status report.

---

[1] The submissions in Mitchell I and Mitchell II reflect alternative spellings of "Nancy Quattrociocchi."

[2] In Mitchell I, Denise Mitchell was also named as a plaintiff in her individual capacity, but did not assert any claims against the Suffolk County defendants in her own right. (See generally Mitchell I Compl.)

**B. The Instant Suit ("Mitchell II")**

On May 13, 2013, prior to the administrative closing of Mitchell I, Darryl Mitchell was arrested in Nassau County for petit larceny and assault. (Mitchell II Am. Compl. ¶ 64.) Darryl Mitchell was subsequently detained in NCCC. (Id.) After Darryl was arrested and detained, Denise Mitchell submitted a copy of the complaint and summons from Mitchell I to the District Attorney of Nassau County. (Id. ¶ 90.) At some point during his detention in NCCC, Darryl Mitchell was transferred to the facility's mental health unit. (Id. ¶ 92.) While in that unit he was allegedly "forced to induce certain medication that may cause mental damages." (Id.)

On August 6, 2013, Darryl and Denise Mitchell filed a writ of habeas corpus, challenging Darryl Mitchell's detention at NCCC. (Mitchell II, ECF No. 1.) On April 9, 2014, Judge Sandra J. Feuerstein construed plaintiffs' petition as a civil complaint alleging civil rights violations on behalf of Darryl and Denise Mitchell. (Mitchell II, ECF No. 6.) On May 12, 2014, plaintiffs filed an amended complaint against Nassau County and the Suffolk County defendants named in Mitchell I, with the exception of Diane Peress. (Mitchell II, ECF No. 10.) On May 30, 2014, Judge Feuerstein directed plaintiffs to serve copies of the amended complaint and summonses on all defendants by September 11, 2014. (Mitchell II, ECF No. 12.) Although plaintiffs served copies of the amended complaint on defendants, plaintiffs failed to serve any summonses. (Mitchell II, ECF No. 13.)

On January 14, 2016, the Suffolk County defendants filed a suggestion of Darryl Mitchell's death. (Mitchell II, ECF No. 24.) On January 16, 2015, this case was transferred to the undersigned. This Court then held a status conference, which Denise Mitchell and counsel for defendant Nassau County attended. (Mitchell II, ECF No. 25.) At the status conference, the parties confirmed Darryl Mitchell's death. In addition, the Court set a briefing schedule for defendant

3

Nassau County's motion to dismiss the amended complaint. The Court directed the parties to address: (1) Darryl Mitchell's claim; (2) whether Denise Mitchell could be substituted for Darryl Mitchell with regard to his claims; and (3) Denise Mitchell's claims.

## II.  DISCUSSION

### A.  Standard for Motions to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing the motion, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a pro se complaint must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013)).

### B.  Standard for 42 U.S.C. § 1983 Claims

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).[3]

---

[3] Plaintiffs contend that their claims are brought under 42 U.S.C. §§ 1981, 1983, 1985, and "related state laws." (Mitchell II Am. Compl. ¶¶ 2, 13.) In its motion to dismiss, defendant Nassau County discusses plaintiffs' § 1983

4

To state a claim for municipal liability, plaintiffs must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694–95 (1978). Municipal liability is "an extension of liability, not an independent cause of action . . . ." Soto v. City of New York, 132 F. Supp. 3d 424, 459 (E.D.N.Y. 2015) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, in order to establish that a municipality, such as Nassau County, is liable under § 1983, plaintiffs must first establish an underlying constitutional violation.

## C. **Allegations Presently Before the Court**

There are two types of claims in the instant suit—claims brought by Darryl Mitchell and those brought by his mother, Denise Mitchell.

First, Darryl Mitchell alleges that while detained in NCCC he was (1) unlawfully transferred to the mental health unit and (2) forcefully administered medication (together, the "retaliation claims"). In particular, Darryl alleges the transfer and forced drug administration were retaliation for his lawsuit against the Suffolk County defendants (i.e., Mitchell I). Additionally, the amended complaint attempts to incorporate fifteen causes of action from the amended complaint in Mitchell I against Nassau County (the "incorporated claims"). These causes of action range from false arrest, to excessive force, to infliction of emotional distress.

Denise Mitchell also brings several claims. It appears that she alleges three distinct claims. First, Denise Mitchell alleges that plaintiffs' counsel in Mitchell I was negligent in his

---

claims and the state law claims incorporated from Mitchell I, but does not specifically address claims brought pursuant to §§ 1981, 1985. The Court fails to see any factual basis for plaintiffs' §§ 1981, 1985 claims in the amended complaint. In any event, because the Court also dismisses all plaintiffs' claims for defective service, see infra II.G, the Court does not specifically address plaintiffs' §§ 1981, 1985 claims.

5

representation (the "legal malpractice claim"). (Mitchell II Am. Compl. ¶ 69.) This includes allegations that Denise Mitchell was wrongfully terminated as a plaintiff in Mitchell I, and that she was not adequately counseled regarding the Suffolk County defendants' settlement offer in Mitchell I. (Id. ¶¶ 41–50, 56–58, 69–76, 81–89, 110–20, 124–31, 133–39, 142.) Second, Denise Mitchell alleges she was "subject[ed] to violations of her rights to due process in regards to submitting lawful documentation to the acting District Attorney Kathleen M. Rice and was subject[ed] to cruel and inhuman punishment when she was forced to witness acts of retaliation that did occur while son Darryl Mitchell was in the custody of the Nassau County Sheriff's Department" (the "derivative retaliation claim"). (Id. ¶ 11; see also id. ¶¶ 92–95.) And lastly, Denise Mitchell alleges she sustained "irreparable damage when [she and Darryl] were deprived of the awards for their pain and suffering that would have been afforded to them" in the form of a settlement with the Suffolk County defendants in Mitchell I (the "settlement claim"). (Id. ¶ 100.)

The Court will first address Darryl Mitchell's claims, and Denise Mitchell's ability to bring these claims derivatively, on behalf of Darryl's estate. Then the Court will turn to Denise Mitchell's claims.

**D. Darryl Mitchell's Claims Are Not Plausibly Alleged**

### 1. The Retaliation Claims

Defendant Nassau County argues that Darryl Mitchell's retaliation claims should be dismissed because: (1) his claims of retaliation while detained at NCCC are speculative and conclusory; (2) he fails to allege wrongdoing by any individual associated with Nassau County; and (3) he fails to allege a Nassau County policy or custom. The Court agrees and addresses each shortcoming in turn.

Darryl Mitchell's retaliation claims can be summarized as follows: after learning about his

6

lawsuit against Suffolk County, Nassau County retaliated against Darryl by transferring him to the mental health unit at NCCC and forcing him to take medications. Nassau County allegedly learned of <u>Mitchell I</u> when Denise Mitchell sent the Nassau County District Attorney a copy of the <u>Mitchell I</u> complaint and summons. These claims, stated in conclusory fashion, are pure speculation. These allegations are based on nothing more than Denise Mitchell's self-professed "belie[f]" that Darryl Mitchell was transferred to the medical unit and given medication as a result of her informing the Nassau County District Attorney about <u>Mitchell I</u>. (<u>Id.</u> ¶ 92.) Darryl Mitchell has not provided any specific factual allegations regarding the alleged retaliation. He has not alleged the date on which he was transferred to the medical unit, how long he was housed there, what type of medicine he was forced to take there, how the medicine was administered, or in what quantity it was administered. He has also failed to allege any facts that would suggest that any individuals associated with Nassau County acted with retaliatory animus in deciding to transfer him and forcefully administer medication. He has not identified any statements or actions by Nassau County employees that would support his retaliation theory. Furthermore, he has not clearly alleged that he was transferred to the mental health unit <u>after</u> Nassau County learned about <u>Mitchell I</u> from his mother's letter. (<u>See</u> <u>id.</u> ¶¶ 4, 10, 11, 21, 132.) In sum, Mitchell has failed to plausibly allege that his transfer to the medical unit and forced administration of medicine while at NCCC were the result of retaliation.

Moreover, with regard to the requirement that an individual acting under color of state law be personally involved in a deprivation, the only individual associated with Nassau County identified in the amended complaint is the Nassau County District Attorney. (<u>Id.</u> ¶ 90.) Plaintiffs, however, fail to allege any wrongful act, conduct, or omission committed by the Nassau County District Attorney, let alone an action that caused Darryl Mitchell's transfer to the medical unit and

7

forced consumption of medication while at NCCC. At most, plaintiffs allege that they sent the Nassau County District Attorney a letter containing the Mitchell I complaint and summons. This reveals nothing about the role the District Attorney may have played in the alleged constitutional deprivations. In the absence of factual allegations demonstrating that any individual associated with Nassau County violated Darryl Mitchell's constitutional rights, Darryl Mitchell cannot possibly state a claim under § 1983.

Furthermore, the amended complaint does not identify a single policy, practice, or custom promulgated by Nassau County that could have caused the alleged violations of Darryl Mitchell's constitutional rights. Darryl Mitchell's failure to allege any basis for municipal liability is a further reason to dismiss his claims against Nassau County.

Accordingly, these retaliation claims against Nassau County are dismissed.

**2. The Incorporated Claims**

Defendant Nassau County argues that the fifteen "incorporated" claims Darryl Mitchell attempts to import from Mitchell I should be dismissed because: (1) he fails to allege wrongdoing by any individual associated with Nassau County; and (2) he fails to allege a Nassau County policy or custom. The Court agrees. The Court has reviewed the operative complaint in Mitchell I and finds no allegations against individuals associated with Nassau County nor any allegations of a Nassau County policy or custom. The amended complaint in Mitchell II does not cure this deficiency because it fails to establish any connection between the claims in Mitchell I (arising out of Darryl Mitchell's 2011 arrest in Suffolk County) and Nassau County. Accordingly, these claims are dismissed against Nassau County.

**E. Denise Mitchell Has Failed to Demonstrate She Is the Personal Representative of Darryl Mitchell's Estate**

Even assuming that Darryl Mitchell had alleged plausible claims, Denise Mitchell is unable

8

to pursue Darryl Mitchell's claims because she has failed to establish that she is the personal representative of his estate as required by New York law.

"When a party dies before pursuing his cause of action under § 1983, the claim survives for the benefit of his estate if applicable state law creates a right of survival." Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982). A civil rights action survives a party's death under New York law, but may only be asserted by the party's personal representative, such as an executor or administrator. Id. "The appropriate avenue is to be appointed a representative pursuant to the requirements of the [New York Estates, Powers and Trusts Law ("EPTL")]." Schoeps v. Andrew Lloyd Webber Art Found., 884 N.Y.S.2d 396, 398 (App. Div. 1st Dep't 2009); Stallsworth v. Stallsworth, 30 N.Y.S.3d 661, 662–63 (App. Div. 2d Dep't 2016) (same). Stated another way, it is not sufficient that a person seeking to pursue a deceased party's claim is the beneficiary of the decedent's estate. Stallsworth, 30 N.Y.S.3d at 663 ("The plaintiffs, as individual beneficiaries of the decedent's estate, had no independent right to maintain an independent cause of action for the recovery of estate property, as such a right belonged to the personal representative of the decedent's estate."); Schoeps, 884 N.Y.S.2d at 398 (same). Pursuant to the EPTL, a surrogate court of the county where the decedent resided must appoint the personal representative of an estate. N.Y. Surr. Ct. Proc. Act §§ 103, 703 (McKinney 2006).

Denise Mitchell has filed an "application" to pursue her deceased son's claims. This application consists of a notarized letter in which she states that she is the "rightful heir to her son Darryl Mitchell's estate." (Mitchell II, ECF No. 26.) Denise Mitchell's "application" is deficient for two reasons. First, Denise Mitchell claims only to be the rightful heir to, not the personal representative of, her son's estate. This is insufficient under New York law. Second, even if Denise Mitchell claimed to be the personal representative of her son's estate in the notarized letter,

9

this would not be enough to establish that she is, in fact, the estate's personal representative. Under New York law, a personal representative, such as an executor or administrator, is appointed by a court. Denise Mitchell has introduced no evidence that the surrogate court in the county where her son resided appointed her as his estate's personal representative.

Because Denise Mitchell has not offered proof that she is the personal representative of her son's estate, she cannot continue his civil rights claims against Nassau County. Accordingly, Darryl Mitchell's claims are dismissed as to Nassau County.

### F. Denise Mitchell's Claims Are Not Plausibly Alleged

Defendant Nassau County argues that Denise Mitchell fails to state a claim for which relief can be granted. The Court agrees and addresses each of Denise Mitchell's three claims in turn.

#### 1. The Legal Malpractice Claim

Denise Mitchell's malpractice claim makes up the bulk of the amended complaint. This claim fails because it: (1) is not cognizable under § 1983; and (2) does not allege any unlawful actions taken on behalf of Nassau County.

At the outset, the Court notes that malpractice claims are not cognizable under § 1983. Cf. Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) (finding that negligence claims cannot be brought under § 1983 and citing Daniels v. Williams, 474 U.S. 327, 331, 333 (1986)).

More importantly, insofar as Denise Mitchell seeks to sue defendant Nassau County, she has failed to allege: (1) an act or omission of any Nassau County employee who was involved in the alleged malpractice; or (2) any municipal policy, custom, or practice that resulted in the alleged malpractice. Accordingly, Denise Mitchell has failed to plausibly state a § 1983 claim for relief against Nassau County.[4]

---

[4] Denise Mitchell did not name her former counsel as a defendant in this action.

Accordingly, the Court grants Nassau County's motion to dismiss this claim.

**2. The Derivative Retaliation Claim**

Denise Mitchell's retaliation claim fails because it: (1) is derivative of Darryl Mitchell's retaliation claims; (2) is not cognizable under § 1983; and (3) cannot be asserted as an Eighth Amendment violation.

Denise Mitchell claims that she was "subject[ed] to cruel and inhuman punishment when she was forced to witness acts of retaliation that did occur while son Darryl Mitchell was in the custody of the Nassau County Sheriff's Department . . . ." (Mitchell II Am. Compl. ¶ 11.) This claim is derivative of Darryl Mitchell's retaliation claims and fails for the same reasons as his claims. See II.D.1.

Additionally, the Court questions whether an individual has a constitutional right to be free from witnessing the suffering of a loved one who was deprived of a constitutional right. Insofar as Denise Mitchell's claim can be construed as a claim for emotional distress—either intentionally or negligently inflicted—such a claim is not cognizable under § 1983. See Voyticky v. Vill. of Timberlake, Ohio, 412 F.3d 669, 678 (6th Cir. 2005) ("[I]ntentional infliction of emotional distress, by itself, cannot amount to a constitutional violation."); cf. Patrolmen's Benevolent Ass'n of N.Y.C. v. City of New York, 310 F.3d 43, 55–56 (2d Cir. 2002) (treating recovery for emotional distress as a remedy, not a stand-alone constitutional violation).

Furthermore, insofar as Denise Mitchell's claim can be construed as an Eighth Amendment claim, Denise Mitchell, an individual who was not incarcerated, cannot assert such a claim. See Ingraham v. Wright, 430 U.S. 651, 667–68 (1977) ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable.").

11

Because Denise Mitchell fails to plausibly allege any claims concerning Darryl Mitchell's treatment at NCCC, the Court grants Nassau County's motion to dismiss this claim.

### 3. The Settlement Claim

Denise Mitchell's claim arising out of the unconsummated <u>Mitchell I</u> settlement fails because it: (1) is not cognizable as § 1983 claim; and (2) does not allege any actions taken on behalf of Nassau County.

First, plaintiffs do not have a constitutional right to accept an expired settlement offer. Insofar as Denise Mitchell's claim can be construed as a breach of contract claim, such a claim is not cognizable under § 1983. <u>Krukenkamp v. State Univ. of N.Y. at Stony Brook</u>, 395 F. App'x 747, 751 (2d Cir. 2010) (addressing potential contract claim and citing <u>Costello v. Town of Fairfield</u>, 811 F.2d 782, 784 (2d Cir. 1987)).

Second, Denise Mitchell has also failed to allege: (1) that any Nassau County employee played a role in the events surrounding the unconsummated <u>Mitchell</u> I settlement; and (2) that any Nassau County policy, custom, or practice is relevant to those events.

Accordingly, the Court grants Nassau County's motion to dismiss this claim.

## G. **Defective Service**

Additionally, defendant Nassau County argues that the amended complaint should be dismissed because service was defective under Federal Rule of Civil Procedure 4(m). The Court agrees.

Rule 4(m) requires that a plaintiff serve a defendant with a copy of a complaint and summons within 120 days of filing the complaint with the Court.[5]  Fed. R. Civ. P. 4(m).  If a

---

[5] The version of Rule 4(m) in effect at the time the amended complaint was filed gave a plaintiff 120 days to serve a defendant. The most recent version of Rule 4(m)—which is not applicable here—only gives plaintiffs 90 days to effect service.

12

plaintiff fails to properly serve a defendant, the Court must dismiss the complaint on defendant's motion. Id.  A district court, however, has discretion to extend the period for service even in the absence of good cause.[6]  See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).  In deciding whether to grant an extension, a court considers "whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service."  Reese v. Univ. of Rochester, No. 04-CV-6117, 2005 WL 1458632, at *2 (W.D.N.Y. 2005).

When the plaintiffs initially filed this action as a habeas petition, they were not required to comply with Rule 4(m), which does not apply to habeas petitions.  Once the Court construed the petition as a civil complaint, however, plaintiffs were required to comply.  Judge Feuerstein's May 30, 2014 Order concluded that the 120-day limit imposed by Rule 4(m) ran from the date the amended complaint was filed and, therefore, directed plaintiffs to serve a copy of the amended complaint and summons on each defendant by September 11, 2014.  (Mitchell II, ECF No. 12.)  In that Order, plaintiffs were warned that failure to serve defendants by the deadline could result in dismissal of their case.  (Id.)  On September 11, 2014, plaintiffs submitted an affidavit of service as proof that they had served the defendants.  (Mitchell II, ECF No. 13.)  The affidavit reveals that although plaintiffs served each defendant with a copy of the amended complaint, plaintiffs failed to serve each defendant with a summons as required by Rule 4(m).  (Id.)  On November 24, 2014, the Suffolk County defendants, who appear to have suffered the same defect in service as defendant Nassau County, served on plaintiffs and submitted to the Court a letter advising plaintiffs that they had not received any summonses.  (Mitchell II, ECF No. 18.)

---

[6] Plaintiffs have not showed, nor even argued, that the Court should extend the service period for good cause.

Dismissal of Nassau County is warranted here because plaintiffs not only violated Rule 4(m), but the May 30, 2014 Order, as well. In the May 30, 2014 Order, plaintiffs were explicitly directed to properly serve the defendants by September 11, 2014, which they failed to do. Furthermore, plaintiffs failed to cure this defect even after being put on notice over two years ago, by the Suffolk County defendants, that the failure to serve a defendant with a summons constitutes deficient service. The Court recognizes that the statute of limitations for § 1983 actions would likely bar plaintiffs' claims if these claims were to be refiled in a new action. Additionally, Nassau County has not argued that it did not have actual notice of the claims in the amended complaint. But those two factors alone are not enough to persuade the Court to extend the period for service. Given the posture of this case—where plaintiffs have failed to cure their defective service almost two-and-a-half years after the Court-ordered deadline—the Court finds that further delay created by extending the period for service would prejudice the defendant.

Accordingly, the Court declines to extend the deadline for service and dismisses all plaintiffs' claims against Nassau County on the grounds of defective service.

### III. CONCLUSION

For the reasons stated above, the Court grants defendant Nassau County's motion to dismiss and dismisses all claims against Nassau County. The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff Denise Mitchell.

**SO ORDERED**.

Date:   February 28, 2017
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge