UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X       <u>For Online Publication Only</u>
DARRYL MITCHELL, and
DENISE MITCHELL,

                 Plaintiff,

        -against-

SUFFOLK COUNTY, et al.,

                Defendants.
-----------------------------------------------------------------X

**FILED**
**CLERK**
02/28/2017
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**MEMORANDUM & ORDER**</u>
13-CV-4636 (JMA) (ARL)

**AZRACK, United States District Judge:**

        Plaintiffs have failed to properly serve Suffolk County, the Suffolk County Police Department, Richard Dormer, Aristides Mojica, Andrew Kenneally, Tracey Anne Barry, Alberto Acevedo, Michael Conklin, Nancy Quattrociocchi, Jeffrey Simon, and two John Does (together, the "Suffolk County defendants"). (Am. Compl., ECF No. 10.) Accordingly, the amended complaint is dismissed as to those defendants.

## I. STANDARD

        Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve each defendant with a copy of a complaint and summons within 120 days of filing a complaint with the Court.[1]  Fed. R. Civ. P. 4(m). If a plaintiff fails to properly serve a defendant, the Court, on its own initiative, must dismiss the complaint without prejudice after notifying the plaintiff about Rule 4(m) and the consequences of failing to comply with that rule. <u>Id.</u> A district court, however, has discretion to extend the period for service even in the absence of good cause. <u>Zapata v. City</u>

---

[1] The version of Rule 4(m) in effect at the time the amended complaint was filed gave a plaintiff 120 days to serve a defendant. The most recent version of Rule 4(m)—which is not applicable here—only gives plaintiffs 90 days to effect service.

of New York, 502 F.3d 192, 196 (2d Cir. 2007).  In deciding whether to grant an extension, a court considers: "whether (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service."  Reese v. Univ. of Rochester, No. 04-CV-6117, 2005 WL 1458632, at *2 (W.D.N.Y. 2005).

## II. ANALYSIS

When the plaintiffs initially filed this action as a habeas petition, they were not required to comply with Rule 4(m), which does not apply to habeas petitions.  Once the Court construed the petition as a civil complaint, however, plaintiffs were required to comply.  Judge Sandra J. Feuerstein's May 30, 2014 Order concluded that the 120-day limit imposed by Rule 4(m) ran from the date the amended complaint was filed, and, therefore, directed plaintiffs to serve a copy of the amended complaint and summons on each defendant by September 11, 2014.  (ECF No. 12.)  In that Order, plaintiffs were warned that failure to serve defendants by the deadline could result in dismissal of their case.  (Id.)  On September 11, 2014, plaintiffs filed an affidavit of service as proof that they had served the defendants.  (ECF No. 13.)  Although plaintiffs served each defendant with a copy of the amended complaint, plaintiffs failed to serve each defendant with a summons as required by Rule 4(m).  On November 24, 2014, the Suffolk County defendants served on plaintiffs and submitted to the Court a letter advising plaintiffs that they had not received any summonses.  (ECF No. 18.)

Sua sponte dismissal of the Suffolk County defendants is warranted here because plaintiffs not only violated Rule 4(m), but the May 30, 2014 Order, as well.  In the May 30, 2014 Order, plaintiffs were explicitly directed to properly serve the defendants by September 11, 2014, which

they failed to do.  Furthermore, plaintiffs failed to cure this defect even after being put on notice over two years ago, by the Suffolk County defendants, that the failure to serve a defendant with a summons constitutes deficient service.  Together, the Court's Order and the letter from defendants, put plaintiffs on notice that their claims could be dismissed if they failed to properly serve the defendants.  Thus, the notice requirement of Rule 4(m) is satisfied.  See Prophete v. N.Y. Police Dep't, 383 F. App'x 77, 78 (2d Cir. 2010) (finding that court's warning that failure to effect service by a certain date could result in dismissal satisfied the notice requirement of Rule 4(m)).  Accordingly, the Court may dismiss plaintiffs' complaint as to the Suffolk County defendants sua sponte.

The Court concludes, based on the current record, that no good cause for failing to comply with Rule 4(m) exists.  The only remaining question is whether the Court should extend the time period to effect service.  The Court recognizes that:  (1) the statute of limitations for federal civil rights actions would likely bar plaintiffs' claims if these claims were to be refiled; and (2) the Suffolk County defendants had actual notice of the claims in the complaint.  But, these factors alone are not enough to persuade the Court to extend the period for service.  Given the posture of this case—where plaintiffs have failed to cure their defective service almost two-and-a-half years after the Court-ordered deadline—the Court finds that further delay created by extending the period for service would prejudice the defendants.  Furthermore, it cannot be said that the Suffolk County defendants concealed the service defect from plaintiffs.  In a letter served on plaintiffs and submitted to the Court dated November 19, 2014, the Suffolk County defendants informed the plaintiffs that the defendants had not received any summonses.

Accordingly, the Court declines to extend the deadline to effect proper service and dismisses all plaintiffs' claims against the Suffolk County defendants for failure to properly serve

the defendants in accordance with Rule 4(m).

### III.  CONCLUSION

For the reasons stated above, all of plaintiffs' claims against the Suffolk County defendants

are dismissed.  The Clerk of Court is directed to close this case.  The Clerk of Court is also directed

to mail a copy of this Order to pro se plaintiff, Denise Mitchell.

**SO ORDERED**.

Date:   February 28, 2017
          Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge